```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
```
LAVELL BAILEY, Individually and as
Administrator of the Estate of
MARILYN BAILEY,

                              Plaintiff,          **MEMORANDUM and ORDER**

      — against —                                08-CV-140 (SLT)(SMG)

CORDIS CORPORATION and JOHNSON &
JOHNSON,

                              Defendants.
```
-----------------------------------------------------------X
```
**TOWNES, United States District Judge:**

       By letter dated February 13, 2009, plaintiff requested (1) an extension of time in which to file his response to defendants' motion pursuant to 28 U.S.C. § 1404(a) to transfer venue to California and (2) permission to cross-move to transfer venue to the District of New Jersey. In that letter, plaintiff's counsel represented that he had spoken "with Jim Murdica, Esq., the attorney for the defendants, and [that Mr. Murdica] consented to [the] application." Letter to Hon. Sandra L. Townes from Kenneth J. Gorman, Esq., dated Feb. 13, 2009. Based on this representation, this Court immediately granted plaintiff's application, giving plaintiff until February 18, 2009, in which to "file his response/cross-motion relating to defendants' motion to change venue." *See* Order dated Feb. 13, 2009, endorsed on Mr. Gorman's Feb. 13, 2009, letter.

       One week later, defendants' counsel wrote to this Court, claiming that he had consented to the extension of time to respond, but *not* to the filing of the cross-motion. In his letter, Mr. Murdica asserts that the sole issue upon defendants' original motion was "whether venue was proper in New York or California," and suggests that plaintiff is raising an entirely new issue by seeking to transfer this case to New Jersey. Letter to Hon. Sandra L. Townes from

James F. Murdica, Esq., dated Feb. 2009. Mr. Murdica also alleges that plaintiff is requesting permission to cross-move "to dismiss [defendant] Cordis' statute of limitations affirmative defense," *id*., at 3, even though this issue is not raised in plaintiff's February 13, 2009, letter.

It is not entirely clear what relief defendants seek. Their February 20, 2009, letter does not expressly request reconsideration, yet asks that "plaintiff's requests pursuant to Individual Rule III(B)" – which relates to pre-motion conference requests – be denied. *Id.* However, defendants' letter also states that, "[u]nless this Court directs otherwise, Cordis will file its motion and plaintiff's cross-motion in accordance with ... Individual Rule III(E) on February 25, 2009." *Id*.

This Court construes defendants' letter of February 20, 2009, as a motion for reconsideration of that portion of this Court's order dated February 13, 2009, which granted plaintiff permission to cross-move. In light of Mr. Murdica's representation that he did not previously consent to plaintiff's cross-motion, that motion for reconsideration is granted. Upon reconsideration, this Court grants plaintiff permission to cross-move solely on the issue of where to transfer this case. This Court does not agree with defendants' counsel assertion that, when limited in this manner, this cross-motion introduces an entirely new issue. The questions of whether to transfer venue and, if so, where to transfer this case were already implicated in defendants' original motion.

Defendants shall have until February 27, 2009, in which to serve a reply with respect to the original motion and a response to plaintiff's cross-motion. Defendants shall file all papers relating to its motion and plaintiff's cross-motion on that date. In the interests of expediting the transfer of this case, this schedule does not provide for a reply with respect to the cross-motion. However, this Court will hold oral argument on both motions in Courtroom 4B on **March 6,**

**2009, at 11:30 a.m.**, thereby affording plaintiff the opportunity to reply orally to defendants' response to the cross-motion.

SO ORDERED.

Dated: Brooklyn, New York
February 23, 2009

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge